**Archie EVERETT, Appellant, v. STATE of Texas, Appellee. (No. 12524.)**

Court of Criminal Appeals of Texas.
April 3, 1929.

Rehearing Denied May 8, 1929.

Taylor, Atkinson & Farmer, of Waco, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

Upon his plea of guilty appellant was given the punishment mentioned. There is in the record no statement of facts or bill of exceptions. The judgment and sentence are in conformity with the law.

No error appearing, the judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, J. Appellant predicates his motion for rehearing upon the contention that the indictment is duplicitous now for the first time raising that question. We see no vice in the indictment in the respect mentioned. Even if it were vulnerable to such an attack, it comes too late when made for the first time after conviction. Melley v. State, 93 Tex. Cr. R. 522, 248 S. W. 367; Ramsey v. State, 108 Tex. Cr. R. 182, 299 S. W. 411; Garner v. State, 100 Tex. Cr. R. 626, 272 S. W. 167.

The motion for rehearing is overruled.

---

**Ex parte Dick HAZZARD. (No. 12650.)**

Court of Criminal Appeals of Texas.
May 8, 1929.

J. R. Stubblefield, of Eastland, for appellant.

A. A. Dawson, State's Atty., for the State.

MARTIN, J. Appellant was indicted for rape. Upon a habeas corpus hearing he was refused bail, and remanded to the custody of the sheriff of Comanche county, from which order he appeals to this court.

Appellant was tried, convicted, and given the death penalty upon facts identical with those exhibited in the present record. His conviction was appealed and reversed by this court, in an opinion delivered March 13, 1929. [15 S.W.(2d) 638], where the facts sufficiently appear. He thereafter attempted to get bail, with the result aforesaid. No useful purpose can be served by a discussion of the facts. The law is too well understood to require any statement of same by us. In our opinion, the proper order was entered by the district court in refusing bail and remanding relator to the custody of the sheriff.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**Will LUMAN, Appellant, v. STATE of Texas, Appellee. (No. 12600.)**

Court of Criminal Appeals of Texas.
April 17, 1929.

Murchison & Davis, of Haskell, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for murder; punishment, three years in the penitentiary.

The record is here without any statement of facts or bills of exception. The indictment charges the offense, and is followed by the charge, judgment, and sentence.

No error appearing, the judgment will be affirmed.

---

**Henry MONCRIEF, Appellant, v. STATE of Texas, Appellee. (No. 12643.)**

Court of Criminal Appeals of Texas.
May 8, 1929.

C. C. McKinney, of Cooper, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The record is before us without bills of exception or statement of facts. The indictment correctly charges the offense, to which

appellant pleaded guilty. The judgment and sentence are in conformity with law.

No error appearing, the judgment will be affirmed.